IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY J. THOMAS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-61-ECM-CWB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Anthony J. Thomas, Jr., a federal inmate, has filed a petition under 28 U.S.C. § 2255 to challenge his sentence in *United States v. Thomas,* 2:20-cr-20-ECM-CWB.[1] (Doc. 1 at p. 1; Doc. 1-1 at p. 2). As discussed below, the Magistrate Judge finds that the § 2255 petition is barred by the terms of a waiver in Thomas's plea agreement. (Doc. 5-3 at pp. 5-10; Cr. No. 33).

**I.     Criminal Proceedings**

A grand jury in the Middle District of Alabama returned a one-count indictment against Thomas on January 15, 2020. (Doc. 5-1; Cr. No. 1). The indictment alleged that Thomas, knowing he had been convicted of a prior felony offense, possessed live ammunition in and affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1). (Doc. 5-1 at p. 1; Cr. No. 1 at p. 1). Thomas ultimately entered into a written plea agreement with the government wherein he agreed to plead guilty and waive both his right to appeal and his right to collaterally attack the conviction or sentence. (Doc. 5-3 at pp. 5-6; Cr. No. 33 at pp. 5-6).

---

[1] All citations to the underlying criminal matter will be denoted as (Cr. No.).

The waiver provision was set off from the remainder of the plea agreement by the use of a bolded, all-caps heading "The Defendant's Waiver of Appeal and Collateral Attack" and expressly waived all future challenges except for ineffective assistance of counsel and prosecutorial misconduct:

> 14. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. **The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255**. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 5-3 at pp. 5-6; Cr. No. 33 at pp. 5-6) (emphasis added). The agreement also included a provision whereby Thomas's attorney confirmed that he had advised Thomas of "the rights that the defendant is waiving by pleading guilty." (Doc. 5-3 at p. 10; Cr. No. 33 at p. 10). Thomas executed the agreement "freely and voluntarily … without being influenced by any threats, force, intimidation, or coercion of any kind." (Doc. 5-3 at p. 9; Cr. No. 33 at p. 9).

At the change of plea proceeding held before Magistrate Judge Susan Russ Walker on March 16, 2021, Thomas acknowledged that he had discussed the plea agreement with his attorney and that he understood its terms. (Doc. 5-4 at pp. 6-7; Cr. No. 35 at pp. 6-7). Not only that, Judge Walker specifically addressed the waiver provision with Thomas as follows:

> THE COURT: Do you understand that normally you would have the right to appeal any sentence imposed on you? However, under the terms of the plea agreement, with some exceptions I will mention in a moment, you are completely giving up the right to appeal **or in any way attack the sentence imposed on you**. Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And the exceptions to that that you could raise are ineffective assistance of counsel, prosecutorial misconduct, or if the government appeals, you would then be free to appeal. But other than these exceptions, you are completely giving up the right to appeal **or in any way to attack the sentence imposed on you**. Do you understand that?

2

THE DEFENDANT: Yes, your Honor.

(Doc. 5-4 at pp. 9-10; Cr. No. 35 at pp. 9-10) (emphasis added).  At the conclusion of the plea colloquy, Judge Walker found that Thomas was "fully competent and capable of entering an informed plea, [that he was] aware of the nature of the charges and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."  (Doc. 5-4 at pp. 13-14; Cr. No. 35 at pp. 13-14).  Thomas's guilty plea was accepted, and he was adjudicated guilty of the charge in the Indictment.  (*Id.*).

The United States Probation Office completed its Presentence Investigation Report and recommended a base offense level of 20 due to the large capacity magazine on the firearm Thomas possessed during the charged offense.  (Doc. 5-1 at p. 5, ¶ 15).  A four-level enhancement pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B) also was recommended due to Thomas's possession of the firearm in connection with various state felony offenses committed in the course of the offense.  (*Id.* at p. 5, ¶ 16).  After receiving a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Thomas's total offense level was determined to be 21.  (*Id.* at p. 6, ¶ 24).  Thomas's past felony convictions resulted in a criminal history score of 14 and a criminal history category of VI.  (*Id.* at p. 10, ¶ 39).  Based on the total offense level of 21 and the criminal history category of VI, Thomas's advisory guidelines range was 77 to 96 months.  (*Id.* at p. 17, ¶ 73).

Thomas objected to application of § 2K2.1(a)(4)(B), arguing that the phrase "the offense" precluded application of an enhancement for possessing a <u>firearm</u> capable of accepting a large capacity magazine, as the offense of conviction involved only possession of <u>ammunition</u>.  (*Id.* at pp. 20-22).  In response, the United States Probation Office clarified that "the offense"

3

included <u>all relevant conduct</u> under § 1B1.1, comment note 1, and that the enhancement applied. (*Id.* at pp. 21-22).

At the sentencing hearing before Chief United States District Judge Emily C. Marks (Doc. 5-5, Crim. Doc. 46), Thomas expressed his objection to application of § 2K2.1(a)(4)(B) and the objection was overruled (*id.* at pp. 4-10). The court adopted the factual statements contained within the Presentence Investigation Report and stated the guidelines range as 77 to 96 months. Thomas agreed that the court's calculations were correct under the circumstances. (*Id.* at p. 13). The court then imposed a sentence of 87 months' imprisonment. (*Id.* at p. 22).

After judgment was entered (Doc. 5-6; Cr. No. 48), Thomas filed an appeal to raise the same issue raised at his sentencing hearing. *See United States v. Thomas*, No. 21-12375, 2021 WL 4894884 (11th Cir. Oct. 18, 2021). The appeal thereafter was dismissed, however, based upon the waiver in the plea agreement. *See United States v. Thomas*, No. 21-12375, 2021 WL 6144165 (11th Cir. Dec. 30, 2021). Thomas timely filed the instant § 2255 petition and now raises the issue again. (*See* Doc. 1).

## II.   Discussion

### A.   Thomas Waived the Right to Collaterally Attack the Sentence.

A waiver provision is enforceable if the waiver was made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). If the waiver is contested, the government must show either (1) that the district court specifically questioned the defendant about the provision or (2) that it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *See United States v. Hardman*, 778 F.3d 896, 898 (11th Cir. 2014); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *Bushert*, 997 F.2d at 1350-51.

Thomas agreed to waive both his right to appeal <u>and</u> his right to collaterally attack the conviction and sentence—and the plea agreement specifically referred to "proceedings pursuant to 28 U.S.C. § 2255." (Doc. 5-3 at pp. 5-6; Cr. No. 33 at pp. 5-6). The waiver likewise was explained to Thomas by his counsel (Doc. 5-3 at p. 10; Cr. No. 33 at p. 10) and by the court (Doc. 5-4 at pp. 9-10; Cr. No. 35 at pp. 9-10). And the waiver previously was enforced on direct appeal. *See Thomas*, 2021 WL 6144165. "There is nothing in the record to indicate that [Thomas's] waiver was anything other than knowing and voluntary." *Medina v. United States*, 597 F. App'x 583 (11th Cir. 2015). Thomas does not even contend otherwise. Nor does Thomas raise any issues of prosecutorial misconduct or ineffective assistance of counsel—the only exceptions to the waiver. Rather, the sole issue being raised is that the district court allegedly erred in calculating the sentencing guidelines range. The Magistrate Judge therefore concludes that the § 2255 petition should be dismissed.

**B.     Thomas's Claim is not Cognizable under 28 U.S.C. § 2255.**

A sentence below the statutory maximum generally cannot be reviewed under § 2255. *See Spencer v. U.S.*, 773 F.3d 1132, 1139 (11th Cir. 2014). The maximum term of imprisonment authorized for the offense Thomas pleaded guilty to is 120 months. (Doc. 5-1 at p. 1). Yet Thomas was sentenced to a lesser term of 87 months. In short, Thomas has not alleged the type of "fundamental defect" that would result in "a complete miscarriage of justice" so as to permit review of the alleged sentencing error, *Spencer*, 773 F.3d at 1139, and thus could not obtain relief under § 2255 even had his collateral attack rights not been waived.

**C.     Thomas is not Entitled to a Hearing.**

Because Thomas has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing, his § 2255 petition should be denied

without a hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007), vacated on other grounds, *Gordon v. United States,* 518 F.3d 1291 ("An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'") (citing 28 U.S.C. § 2255); *see also Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006).

### III.  Conclusion

For the reasons set out above, it is the **RECOMMENDATION** of the Magistrate Judge that Thomas's § 2255 petition be **DENIED** and that this case be **DISMISSED** with prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **January 24, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 10th day of January 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**